IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CAMILLA EVANS and CAMILLA
CONNERS,

                13cv01550

      Plaintiffs,           **ELECTRONICALLY FILED**

        v.

BOROUGH OF EMSWORTH, ET AL.,

      Defendants.

### Memorandum Order

**I.    Introduction**

      This is a civil rights action. Plaintiff-Mother Camilla Evans and Plaintiff-Daughter Camilla Conners allege that Defendants, Borough of Emsworth and Defendant Adams, as fire marshal ("municipal Defendants"), acting in their official capacity, and individual capacity, violated their constitutional rights and deprived them of Due Process of Law under the Fourth Fifth and Fourteenth Amendments, while acting under color of state law, in violation of 42 U.S.C. § 1983, when they unlawfully seized and condemned property (pursuant to an alleged custom, practice, and/or policy of the Borough of Emsworth) in which Plaintiff-Mother had resided and had rented for 50 years, without proper notice and due process of law, and only provided Plaintiffs with 24-hours to vacate the premises. Plaintiffs allege that Defendant Adams acted in concert with Defendant-Son David Evans, and Defendant-Daughter-in-Law Judith Evans, who were the lawful owners of the property and with whom Plaintiffs were entangled in a family dispute over distribution of an estate, to violate their civil rights. Plaintiffs advance numerous state law claims including conspiracy, breach of contract, unjust enrichment, conversion, trespass, and invasion of privacy against the individual Defendants alleging that they

1

wrongfully evicted Plaintiffs, attempted on numerous occasions to have Plaintiff-Mother committed to a nursing home on the basis of incompetence (they were unsuccessful in this regard), that they drilled in the locks, leaving Plaintiffs without a way to retrieve their possessions, and requiring them to live in a hotel since November of 2012.

Pending before this Court are the Motions to Dismiss of the municipal as well as the individual Defendants (doc. nos. 6 and 9).

## II. Standard of Review

**Rule 12(b)(6)**

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

### III. Discussion

Viewed in light of the foregoing pleading standards, this Court finds that the allegations of the complaint, when taken as true, allow the Court to draw a reasonable inference that the Defendants are liable for the conduct and misconduct alleged, and that the complaint meets the standards as enunciated in *Twombly* and *Iqbal*. See also, *Fowler v. UPMC Shadyside*, no. 07-4285 (3d Cir. August 18, 2009), quoting *Iqbal*, 129 S.Ct. At 1949. ("To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the

defendant is liable for the conduct alleged.'").

Accordingly, **AND NOW, this 14th day of January, 2014,** after due consideration to Defendants' Motions to Dismiss the complaint (doc. no. 6 and 9), and Plaintiffs' responses thereto (doc. no. 14 and 16), **IT IS HEREBY ORDERED** that Defendants' motions to dismiss (doc. nos. 6 and 9) **ARE DENIED** without prejudice to Defendants raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

**SO ORDERED** this 14th day of January, 2014.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties